**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SEBASTIAN LEIGH ECCLESTON,    :
                                               Civil Action No. 09-2654 (JAP)
           Petitioner,        :

           v.                 :     **OPINION**

UNITED STATES OF AMERICA,     :

           Respondent.        :


**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondents |
| Sebastian Leigh Eccleston | Elizabeth Ann Pascal |
| New Jersey State Prison | Assistant U.S. Attorney |
| P.O. Box 861 | 401 Market Street |
| Trenton, NJ 08625 | P.O. Box 2098 |
| | Camden, NJ 08101 |

**PISANO**, District Judge.

   Petitioner Sebastian Leigh Eccleston, a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole named respondent is the United States of America.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Based on the record presented to this Court, the Petition is denied.

## I.   BACKGROUND

On a date not reflected in the record presented to this Court, Petitioner was arrested by state authorities in New Mexico on murder and related charges and was then detained in state custody.

While in state custody, Petitioner was indicted in federal court on carjacking and related charges.  United States v. Eccleston, Criminal No. 95-0014 (D.N.M.).  On March 7, 1996, May 3, 1996, and October 29, 1996, pursuant to writs of habeas corpus ad prosequendum issued by the U.S. District Court for the District of New Mexico, U.S. Marshals brought Petitioner from state custody to proceedings in federal court and returned him to state custody immediately thereafter.

Specifically on October 29, 1996, Petitioner was brought to federal court for sentencing in Criminal Action No. 95-0014 (D.N.M.).  On that date, Petitioner was sentenced to an aggregate term of 417 months of imprisonment to be followed by three years of supervised release.[2]

Several hours later, on October 29, 1996, after being returned to state authorities, Petitioner was sentenced in state

---

[2] Petitioner has pursued various post-conviction motions, detailed in the attachments to both Petitioner's and Respondent's submissions, none of which resolved the issues presented here.

court following his conviction pursuant to a guilty plea of murder and conspiracy to commit murder.  <u>State of New Mexico v. Eccleston</u>, Criminal No. 94-3191 (Second Judicial District, County of Bernalilio, State of New Mexico) (attached to Answer as Attachment 3 to Decl. of Kinda Flagg).  In state court, Petitioner was sentenced to a term of life imprisonment and a consecutive term of nine years.  The state court judgment provided that the state terms of imprisonment were to run "concurrent with Federal Prison Sentence defendant is now serving."  The state judgment also provided that Petitioner was to receive credit for "0" days pre-sentence confinement or post-sentence confinement until delivery to the place of incarceration.  An official of the State of New Mexico Corrections Department has advised the Bureau of Prisons that Petitioner began serving his state sentence on October 29, 1996, and that Petitioner will not be eligible for parole until the year 2026.

On June 19, 2008, Petitioner submitted a request to the Bureau of Prisons (1) that the New Mexico Department of Corrections be designated retroactively as a place of serving his federal sentence and (2) that he be awarded credit for pre-trial confinement in both the federal and state cases and that he be awarded federal good time credits for that time.

Petitioner's request was forwarded to the BOP Designation and Sentence Computation Center for evaluation. BOP personnel contacted the New Mexico Department of Corrections to determine Petitioner's status there, reviewed Petitioner's criminal history and the circumstances of the offense of conviction, and contacted the federal sentencing judge to determine whether he has any opinion regarding Petitioner's request.

On January 6, 2009, Senior United States District Judge C. LeRoy Hansen responded to the BOP's enquiry as follows.

> I write in response to your letter of December 11, 2008, asking for my position regarding a retroactive (concurrent) designation of Mr. Eccleston's federal sentence to his state sentence. It was my intent at the sentencing that the federal sentence be served consecutively to his state sentence and this remains my position. Thus, I oppose a retroactive designation.

(Letter of Hon. C. LeRoy Hansen, dated Jan. 6, 2009, attached as Att. 6 to Decl. of Kinda Flagg.)

On February 18, 2009, the Bureau of Prisons responded to Petitioner's request.

> This is in response to your request that your federal sentence be calculated to run concurrent to your state sentence.
>
> Title 18 U.S.C. § 3585(b) prohibits the Bureau of Prisons from granting you prior custody credit for time you spent serving a state sentence. However, as a result of Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), your case was reviewed for a "nunc pro tunc" designation.
>
> We have reviewed your appeal according to the factors provided in 18 U.S.C. § 3621(b). In your case, we have determined the relevant factors under the

4

>statute are (2), (3), and (4).  With respect to factor
>(2), your instant federal offense is Carjacking; Using
>and Carrying a Firearm During and in Relation to a
>Crime of Violence; Interference with Commerce by Threat
>or Violence Against the Victim; Interference with
>Commerce by Threats or Violence, to wit: Carry or Use
>of a Firearm.
>
>With respect to factor (3), the history and
>characteristics of the offender; our records reveal
>that at the time of sentencing for your instant
>offense, you were in custody of the State of New
>Mexico.  On October 29, 1996, the state sentenced you
>to a mandatory life term for First Degree Murder and
>Conspiracy to Commit 1st Degree Murder.  Additional
>state convictions include Receiving and Transferring
>Stolen Motor, Unlawful Taking of a Motor Vehicle,
>Murder, Aiding and Abetting Car Jacking, Aggravated
>Battery, Assault 1st Degree, Possession of a Deadly
>Weapon or Explosive, and Escape.
>
>With respect to factor (4), the federal Judgment
>and Commitment Order was silent regarding the
>relationship of the federal sentence to any
>undischarged state sentence.  The sentencing Court was
>contacted and requested to provide input regarding your
>request.  The Court stated that it was the intent at
>the sentencing that the federal sentence be served
>consecutively to the state sentence.  Pursuant to Title
>18 U.S.C. §3584, Multiple terms of imprisonment imposed
>at the same time run concurrently unless the court
>orders or the statute mandates that the terms are to
>run consecutively.  Multiple terms of imprisonment
>imposed at different times run consecutively unless the
>court orders that the terms are to run concurrently.
>
>Based on the foregoing, we have determined that a
>"nunc pro tunc" designation is not consistent with the
>goals of the criminal justice system due to the Court's
>intent, nature of your state conviction, and repetitive
>criminal conduct.

(Letter of Ron Riker, Section Chief, dated Feb. 18, 2009,

attached as Att. 9 to Decl. of Kinda Flagg.)

5

Here, Petitioner contends that the Bureau of Prisons failed to give fair consideration to his request for a "nunc pro tunc" designation of state prisons as a place of serving his federal sentence.[3]

## II. ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence

---

[3] This Court does not construe the Petition as asserting that Petitioner is entitled to credit for the time he was in state custody before October 29, 1996, when both the federal and state sentence were imposed. To the extent any such claim is asserted, it is dismissed without prejudice as premature and unexhausted. Petitioner has not completed his state sentence; thus, it cannot be determined at this time whether the state will award credit for that time to the state sentence. In any event, once Petitioner comes into federal custody, the BOP will calculate his sentence and determine whether Petitioner is entitled to any credit for time spent in state custody prior to October 29, 1996.

>    service of sentence at, the official detention facility
>    at which the sentence is to be served.
>
>        (b) Credit for prior custody.--A defendant shall
>    be given credit toward the service of a term of
>    imprisonment for any time he has spent in official
>    detention prior to the date the sentence commences-
>
>        (1) as a result of the offense for which the
>        sentence was imposed; or
>
>        (2) as a result of any other charge for which
>        the defendant was arrested after the
>        commission of the offense for which the
>        sentence was imposed;
>
>    that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Here, the BOP properly determined that Petitioner's federal sentence will commence when he comes into federal custody, after completion of his state sentence, and properly refused under § 3585 to credit Petitioner with time during which Petitioner was in the custody of state authorities from and after October 29, 1996.[4]

"Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited, however, to cases in which the federal term of imprisonment is imposed on a

---

[4] As noted earlier, any question as to whether Petitioner is entitled to credit for time spent in custody of state authorities prior to October 29, 1996, is premature.

7

defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). Where a state sentence has not yet been imposed, a federal court has no authority to order that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges. See Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F.Supp.2d 332, 342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. Sept. 13, 2000). Cf. Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990) (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so"). Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995). Here, where there was no pending state sentence at the time the federal sentence was imposed, the federal court had no authority to order the federal sentence to run concurrently to a state sentence that might be imposed in the future.

    The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which a federal prisoner such as Petitioner serves an earlier state sentence. See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on

his application for a nunc pro tunc designation); 18 U.S.C. § 3621(b).[5]  The decision of the BOP is subject to judicial review only for abuse of discretion.  <u>Barden</u>, 921 F.2d at 478.

Pursuant to BOP Program Statement 5160.05, "State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."  P.S. 5160.05 ¶ 3(a) (2003).  The BOP's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.  The Program Statement specifically addresses requests by prisoners for a nunc pro tunc designation.

> (4) **Inmate Request**.  Occasionally, an inmate may request a nun pro tunc (i.e., occurring now as though it had occurred in the past) designation.  As a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.
>> (a) In <u>Barden</u>, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
>> - However, there is no obligation under <u>Barden</u> for the Bureau to grant the request by designating a state

---

[5] Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ... ."

>              institution retroactively as the place
>              to serve the federal sentence.
>     (b) This type of request will be considered
> regardless of whether the inmate is physically
> located in either a federal or state institution.
> Information will be gathered, if available, to
> include:
>     • a copy of the federal and state
>       J&Cs
>     • the State sentence data record to
>       include jail credit, and
>     • any other pertinent information
>       relating to the federal and state
>       sentences.
>     © In making the determination, if a
> designation for concurrent service may be
> appropriate (e.g., the federal sentence is imposed
> first and there is no order or recommendation
> regarding the service of the sentence in
> relationship to the yet to be imposed state term),
> the RISA will send a letter to the sentencing
> court (either the chambers of the Judge, U.S.
> Attorney's Office, and/or U.S. Probation Office,
> as appropriate) inquiring whether the court has
> any objections.  Regardless of where the original
> inquiry is directed, the U.S. Attorney's Office
> and U.S. Probation Office will receive a courtesy
> copy.
>     (d) If, after 60 days, a response is not
> received from the sentencing court, the RISA will
> address the issue with the Regional Counsel and a
> decision will be made regarding concurrency.
>     (e) No letter need be written if it is
> determinated that a concurrent designation is not
> appropriate. ...

P.S. 5160.05, ¶ 9(b).  With respect to state court pronouncements that state sentences are to run concurrently with federal sentences, the Program Statement notes that, "Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence."  P.S. 5160.05, ¶ 7(g).

Here, Petitioner's letter to the Bureau of Prisons was construed and treated as a request for such a nunc pro tunc designation. The BOP properly contacted the federal sentencing court for its position, which was opposed to Petitioner's request, and properly reviewed Petitioner's criminal history to determine whether a nunc pro tunc designation would be consistent with the intent of the sentencing court and the goals of the criminal justice system. Petitioner has not identified any material information that was overlooked or discounted. Petitioner has not established any abuse of discretion in the BOP's consideration of his request. Petitioner is not entitled to relief in this matter.

### III. CONCLUSION

For the reasons set forth above, the Petition is DENIED. An appropriate order follows.

S/ JOEL A. PISANO
Joel A. Pisano
United States District Judge

Dated: February 3, 2010